UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JERRY VALENTINE, | ) Civil Action No.: 4:24-cv-00141-DCC-TER |
| Plaintiff, | ) REPORT AND RECOMMENDATION |
| -vs- | ) |
| MARTIN O'MALLEY,<br>Commissioner of Social Security<br>Administration, | ) |
| Defendant. | ) |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for disability insurance benefits. (DIB). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied.

I. RELEVANT BACKGROUND

A.   **Procedural History**

Plaintiff filed an application for DIB in March 2020, alleging inability to work since February 10, 2020 (Tr. 15). His claims were denied initially and upon reconsideration. Thereafter, Plaintiff filed a request for a hearing. A hearing was held in January 19, 2023, at which time Plaintiff and a vocational expert (VE) testified. (Tr. 15). The Administrative Law Judge (ALJ) issued an unfavorable decision on March 7, 2023, finding that Plaintiff was not disabled within the meaning of the Act. (Tr. 15-29). Plaintiff filed a request for review of the ALJ's decision. The Appeals Council denied the request for review in November 2023, making the ALJ's decision the

Commissioner's final decision. (Tr.1-3). Plaintiff filed this action in January 2024. (ECF No. 1).

## B.  Background

### 1.  Introductory Facts

Plaintiff was born in October 1969 and was fifty years old at the time of the alleged onset. (Tr. 27). Plaintiff has past work experience as an operating engineer. (Tr. 27). Plaintiff alleges disability originally due to lower back pain. (Tr. 73). Pertinent records will be addressed under the relevant issue headings.

### 2.  The ALJ's Decision

In the decision of March 7, 2023, the ALJ made the following findings of fact and conclusions of law (Tr. 15-29):

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2024.

2. The claimant has not engaged in substantial gainful activity since February 10, 2020, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: degenerative joint disease of the bilateral knees, degenerative disc disease of the lumbar spine, obesity, and diabetes mellitus with peripheral neuropathy (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with the following additional limitations: The claimant could frequently push and/or pull with the bilateral lower extremities. The claimant should never climb ladders, ropes, or scaffolds, and can frequently climb ramps and stairs, and occasionally balance, stoop, kneel, crouch, and crawl. The claimant could tolerate frequent, but not constant,

      exposure to workplace hazards, such as unprotected heights and dangerous machinery.

6.    The claimant is capable of performing past relevant work as an operating engineer. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7.    The claimant has not been under a disability, as defined in the Social Security Act, from February 10, 2020, through the date of this decision (20 CFR 404.1520(f)).

## II. DISCUSSION

Plaintiff argues the ALJ erred in evaluating the opinions of Dr. Crowley and Dr. Behr. Defendant argues the ALJ's analysis here was sufficient, was in accordance with the applicable law, and Plaintiff has failed to show that the ALJ's decision is not based on substantial evidence.

**A.    LEGAL FRAMEWORK**

    **1.    The Commissioner's Determination–of–Disability Process**

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). Section 423(d)(1)(A) defines disability as: the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months. 42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting the "need for efficiency" in considering disability claims). An examiner must consider the

following: (1) whether the claimant is engaged in substantial gainful activity ("SGA"); (2) whether he has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[1] (4) whether such impairment prevents claimant from performing PRW;[2] and (5) whether the impairment prevents him from doing SGA. *See* 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work. See 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5).

---

[1] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[2] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

### 2.   The Court's Standard of Review

The Act permits a claimant to obtain judicial review of "any final decision of the Commissioner [ ] made after a hearing to which he was a party." 42 U.S.C. § 405(g). The scope of that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls*, 296 F.3d at 290 (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The court's function is not to "try these cases *de novo* or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir.1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 390, 401; *Johnson v. Barnhart*, 434 F.3d 650, 653

(4th Cir. 2005). Thus, the court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings and that her conclusion is rational. *See Vitek*, 438 F.2d at 1157-58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

B.    ANALYSIS

**Opinions**

Plaintiff argues the ALJ erred in evaluating the opinions of Dr. Crowley and Dr. Behr.

For applications filed on or after March 27, 2017, such as this action, the regulatory framework for considering and articulating the value of medical opinions has been changed. *See* 20 C.F.R. § 404.1520c; *see also* 82 Fed. Reg. 5844-01, 2017 WL 168819 (revisions to medical evidence rules dated Jan. 18, 2017, and effective for claims filed after Mar. 27, 2017). Importantly, the new regulations no longer require any special significance be given to opinions by a treating physician. *See* 20 C.F.R. § 404.1527 (noting that the treating physician rule only applies to claims filed before March 27, 2017). The ALJ is not required to defer to or give any specific weight to medical opinions. 20 C.F.R. § 404.1520c(a). Instead, the ALJ should consider and articulate in the decision how persuasive each medical opinion is based upon the factors of: (1) supportability; (2) consistency; (3) relationship with the claimant(length, frequency, purpose, extent, and examining); (4) specialization; and (5) other factors that tend to support or contradict a medical opinion. 20 C.F.R. § 404.1520c(b), (c). Supportability and consistency are the most important of the factors for consideration, and the ALJ is required to explain how he considered the supportability and consistency factors in evaluating opinion evidence. 20 C.F.R. § 404.1520c(a), (b)(2). An ALJ is not

6

required to explain how the remaining factors were considered. 20 C.F.R. § 404.1520c(b)(2). In evaluating the supportability of an opinion, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1). In evaluating the consistency of an opinion, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 404.1520c(c)(2).

Important to the facts of this action, the court "cannot fill in the blanks for the ALJ" where an ALJ fails to address one of the most important factors, either consistency or supportability. *Airrion Y. v. O'Malley*, 2024 WL 1014188, at *5 (M.D.N.C. Mar. 8, 2024)(internal quotations and citations omitted). While "magic words" are not required, the analysis is only sufficient where the ALJ plainly considered each of the two most important factors clearly enough for the court to meaningfully review it. *Id.*

The 20 C.F.R. § 404.1520c(c)(2) consistency factor is an outward facing inquiry, looking at whether the particular opinion is consistent with other evidence in the record. *Rosa M. v. Kijakazi*, No. 9:22-CV-04494-BHH-MHC, 2023 WL 9101308, at *7 (D.S.C. Dec. 8, 2023), *report and recommendation adopted*, 2024 WL 53001 (D.S.C. Jan. 3, 2024)(citing Revisions to Rules, 82 Fed. Reg. at 5853; 20 C.F.R. §§ 404.1520c(c)(1)-(2); 416.920c(c)(1)-(2)). The 20 C.F.R. § 404.1520c(c)(1) supportability factor is an inward facing inquiry looking at the source's opinions in comparison to her own relevant medical evidence and explanations. *Id.* The evidence for one factor is not the same for the other factor. *Id.* A different doctor's notes from the source doctor is irrelevant to the supportability factor but fully relevant to the consistency factor. *Id.* "[E]ach factor

necessarily requires an ALJ to look at specific evidence that only pertains to one factor." *Id.*

Plaintiff argues the ALJ's opinion "does not show consideration of the consistency" regulatory factor at all. (ECF No. 10 at 23; ECF No. 12 at 4). The ALJ actually only performed the supportability factor. (Tr. 26).

Dr. Crowley

Dr. Crowley opined Plaintiff "should be able to sit for a full workday but is unable to walk and/or stand for a full workday and is unable to lift/carry objects without limitations secondary to L leg weakness and knee pain contributing to a moderate antalgic gait and moderate incoordination." (Tr. 552). Dr. Crowley's exam included 15% loss of muscle mass with left lower extremity atrophy, 4/5 strength on left leg, and positive left supine straight leg raise. (Tr. 551).

As to Dr. Crowley's opinion, the ALJ found it unpersuasive "as it is vague and generally inconsistent with his own findings..." (Tr. 26). The ALJ then noted Dr. Crowley's findings from the consultative exam. (Tr. 26). Despite the erroneous nomenclature, the ALJ actually only performed the § 404.1520c(c)(1) supportability factor, an inward facing inquiry; the ALJ only looked at the source's own notes in finding the opinions unpersuasive. The ALJ provided no analysis for the court to review for the § 404.1520c(c)(2) consistency factor, which is the external facing inquiry of the rest of the record in relation to the opinions. This particular case is not an instance where the court can review the ALJ's opinion as a whole to produce the required considerations. The analysis as to Dr. Crowley is simply not present for the required § 404.1520c(c)(2) factor.

Dr. Behr

In January 2023, Dr. Behr, M.D., opined:

I am a board certified physician that specializes in pain management as well as

> physical medicine and rehabilitation. I have been treating Jerry Valentine for a number of years. He has been drinking which certainly has not helped his medical problems. However, in my opinion, regardless of the drinking, he would still have the functional limitations described. His recent nerve conduction study from 8/27/21 showed that he has peripheral neuropathy and lumbar radiculopathy. In my opinion, peripheral neuropathy contributes the most to his limitations. He also has balance problems and walks with a slow and antalgic gait. Mr. Valentine also had a positive straight leg raise test bilaterally. This is consistent with a limitation to sedentary work. These limitations have existed since at least 8/27/21 when he had the nerve conduction study.

(Tr. 859).

As to Dr. Behr, the ALJ found:

> Finally, the undersigned has considered the January 2023 opinion of James Behr, M.D., who opined that the claimant is limited to sedentary work (Exhibit 13F/2). However, the undersigned finds that this opinion is unpersuasive, as Dr. Behr's most recent records note that the claimant reported some pain in his bilateral lower extremities, but denied symptoms weakness, numbness, disturbances in coordination, tingling, poor balance, and falling down and exhibited 5/5 strength upon examination (Exhibit 12F/64-67).

(Tr. 26). As to Dr. Behr, the ALJ only addressed the supportability 20 C.F.R. § 404.1520c(c)(1) factor, the inward facing inquiry, as the ALJ only reviewed Dr. Behr's own most recent exam in finding Dr. Behr's opinion unpersuasive. The ALJ did not address the required factor of consistency in accordance with 20 C.F.R. § 404.1520c(c)(2). The court cannot perform this factor for the ALJ in its absence; the court cannot meaningfully review the ALJ's analysis of the opinion without it. The Commissioner's general arguments that there is no particular format for articulation of consideration of the two required factors are unavailing. The ALJ here did not make a finding on the 20 C.F.R. 404.1520c(2) consistency factor, and on remand, the ALJ should perform both the external facing inquiry factor–consistency, looking at evidence other than the opining doctor's evidence and perform the internal facing inquiry–supportability, looking at the opining doctor's own records. An ALJ is

required to explain how he considered the supportability factor and the consistency factor in evaluating opinion evidence. 20 C.F.R. § 404.1520c(a), (b)(2). The record shows this may be outcome determinative error as both of these doctors opined a sedentary limitation and may be consistent with each other, and the RFC finding was light; it is for the ALJ to make the consistency factor analysis in the first place.

### III. CONCLUSION

In conclusion, it may well be that substantial evidence exists to support the Commissioner's decision in the instant case. The court cannot, however, conduct a proper review based on the record presented. Accordingly, pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. Sections 405(g) and 1338(c)(3), it is recommended that the Commissioner's decision be reversed and that this matter be REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings in accordance with this opinion.

|  |  |
|---|---|
| September 12, 2024 | s/ Thomas E. Rogers, III |
| Florence, South Carolina | Thomas E. Rogers, III |
|  | United States Magistrate Judge |

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).